WHYTE BEDFORD *v.* STERLING P. BLYTHE.

1. INDEMNITY.  *Pending suit.   Offer of compromise.*

An agreement to save harmless another from any judgment that
might be rendered against him in a pending suit, does not render
the indemnitor liable for a sum offered by him in compromise of
the suit, where the offer was refused and the suit determined in
favor of the indemnitee.

2. SAME.  *Sale of land.   Indemnity part of purchase money.*

If land be sold for part cash and in part for indemnity to the vendor
from liability in a certain pending suit, and the suit be decided,
contrary to the expectation of both contracting parties, in favor
of the indemnitee, he cannot charge the lands sold to the indem-
nitor with any sum on account of the indemnity.

FROM the chancery court of DeSoto county.

HON. B. T. KIMBROUGH, Chancellor.

Blythe sold a tract of land to Bedford which was worth
something like $2,200, in consideration of $1,000 cash and the
obligation of Bedford that he would indemnify Blythe from
liability in a certain pending suit to which the latter was a de-
fendant.   Both parties supposed that the land would be charged
in the suit with a lien for about $1,200, and, pending the suit,
Bedford, after his purchase, offered to pay the complainant
therein said last mentioned sum by way of compromise.   This
offer, however, was declined, and the suit proceeded.   There
were two other suits pending between the parties to the one in
respect to which the indemnity was given, and they were in
the same court.   As the contracting parties expected, the land
was, by the court of original jurisdiction, charged with the
lien, but for a sum considerably more than was expected, and
decrees were at the same time rendered in the other two suits,
all being heard at the same time.   Appeals were prosecuted in

all of the cases. The supreme court reversed the decree in all of the cases, adjudged that the lands should not be charged with a lien in the suit in respect to which the indemnity was given, and dismissed that suit, but did charge other lands, involved in one of the other cases, with the lien.

After this the vendor, Blythe, brought this suit to charge the land sold by him as for purchase money, the complainant's theory being that defendant expected and was willing to pay $2,200 for the land; that the sale was really made upon the idea that he would pay that sum; that he had only paid $1,000, and therefore should pay the balance, especially since complainant's other lands, contrary to expectations of both, had been subjected to the lien which both thought would be imposed upon the land sold. The court below decreed for complainant, and defendant appealed.

*J. W. Buchanan* and *H. D. Minor*, for appellant.

Appellant agreed to pay and assume and satisfy the amount of any judgment which may hereafter be rendered in cause No. 2082 (*Hernando Bank* v. *J. M. Blythe et al.*), and agreed to hold the said Sterling P. Blythe (appellee) harmless from any judgment rendered in said cause in the chancery court of De-Soto county, Miss. In August, 1894, the chancery court gave a decree, in suit No. 2082, to foreclose the deed of trust, for something near $3,600. From this decree an appeal was taken to the supreme court of the state. The supreme court held that relief should be denied in suit No. 2082. Some time after this appellee made a demand for the sum claimed by him in his bill against the appellant. We insist that, under the contracts and the facts disclosed in the record, there can be no foundation in law or equity for his contention.

*R. L. Dabney*, for the appellee.

The case stands in this attitude. The appellant expected to pay about $2,200 for the land—$1,000 to the appellee and

$1,200 to the bank. He says in his deposition that the land was then worth $2,700. He reserved $1,200 of the purchase money to discharge what they both thought to be a valid lien upon it. And because the court has shifted the burden from this land to other land, would it be equitable to permit the appellant to retain more than half the purchase price of the land, when appellant admits that it was worth more than he was to give for it, including the amount he offered the bank? I respectfully submit that the learned chancellor reached the right conclusion, and the decree should be affirmed.

Argued orally by *H. D. Minor* and *J. W. Buchanan*, for appellant, and by *R. L. Dabney*, for appellee.

STOCKDALE, J., delivered the opinion of the court.

It appears from the record in this cause that at the February, 1891, term of the chancery court of DeSoto county, a decree was rendered by said court in the case styled *J. M. Blythe et al.* v. *S. P. Blythe et al.*, ordering the lands of the late G. L. Blythe to be distributed among his five children and heirs. A large plantation, denominated "The Bottom Land," was divided, and each one's share set apart to him or her; and another tract, known as "section 4, township 2, range 8," was sold by order of the court, and proceeds to be divided. At that sale, made on the sixteenth day of March, 1891, by R. R. West, commissioner, Sterling P. and J. M. Blythe became purchasers at the sum of $5,200, one-half cash and balance to be paid in twelve months. They, not having the money, arranged with J. A. Payne to advance the $2,600 cash payment, and become their security for the deferred payment, and gave him a trust deed (A. S. Buchanan, trustee) on the lands purchased (section 4), and their respective interests in the "bottom" plantation, to secure their note to him for the cash payment, and against his liability on the deferred payment. Payne was to pay the cash payment ($2,600) directly to the commissioner for the said

purchasers, and the commissioner reported that he (Payne) had so paid the said $2,600. Sterling P. Blythe had previously, in 1890, contracted with J. P. and J. W. Barbee for the sale to them of his interest in said "bottom" plantation for $4,650, to be paid $500 cash, $1,650 when his share was ascertained and designated, and two notes for $1,250 each, to be given upon confirmation of the partition and deed executed, one to become due January 1, after said confirmation, and the other twelve months thereafter.

At the August term, 1891, the partition of the said bottom plantation was confirmed, and S. P. Blythe executed and delivered to said Barbees a warranty deed to said lands, and they executed the two notes for $1,250 each, and Sterling P. Blythe indorsed and delivered said notes to A. S. Buchanan, trustee, to be held by him in lieu of the before mentioned deed of trust, as far as S. P. Blythe was concerned. J. A. Payne deposited the note of S. P. and J. M. Blythe to him for $2,600, and the trust deed securing it, and the said two notes of the Barbees for $1,250 each, in the Hernando Bank, as collateral security to debts of Payne & Bell to said bank. Payne & Bell having become insolvent and having made an assignment, the Hernando Bank filed its bill in the chancery court of DeSoto county on the twentieth day of January, 1892, against J. W. and J. P. Barbee, to enforce in its own favor the vendor's lien reserved in the two Barbee notes of $1,250 each, which case was numbered on the docket of said court 2077, to which the defendants (the Barbees) answered, denying ownership of said notes by the bank, and averring ownership in Sterling P. Blythe. S. P. and J. M. Blythe being admitted to defend that suit, answered that the said Payne had not paid the said cash payment of $2,600 to the commissioner, who had also failed and made an assignment, and that the said $2,600 note was without consideration and could not be collected, nor said trust deed enforced, and these notes could not be collected. On the twenty-seventh of January, 1892, the Hernando Bank

filed another bill against Sterling P. and J. M. Blythe and A. S. Buchanan, trustee, etc., to enforce the collection of said $2,600 note made to Payne by foreclosure of said trust deed. The said defendants Blythe answered said bill, setting up the facts similar to their answer in case 2077. This case was numbered 2082.

In May, 1892, Minnie Taylor, one of the Blythe heirs, filed her bill of complaint against all of her co-heirs and the Hernando Bank and others, setting up that Sterling P. and J. M. Blythe had not paid the cash part of their bid for section 4, made at Commissioner West's sale thereof, and that Payne had not paid it for them, as had long been supposed was done, and no money had been paid her or the other heirs, and prayed for rents and cancellation of the commissioner's deed to Sterling P. and J. M. Blythe.

The Hernando Bank answered said bill, denying the allegations of nonpayment of the $2,600 to West, the commissioner, and the other defendants admitted all the allegations of the bill, except Sterling P. Blythe, who admitted all the allegations, but stated that the court ordered costs and expenses of partition paid. This cause was numbered 2102. On August 3, 1892, these cases, Nos. 2077 and 2082, were consolidated with No. 2102 (on motion of complainant in the last case) to be heard as one case. On January 12, 1893, the Barbees conveyed by quitclaim deed back to Sterling P. Blythe the lands they had purchased from him, except a small lot, he releasing them from payment of their notes so far as he could. On April 2, 1894, Sterling P. Blythe conveyed the same land by warranty deed to Whyte Bedford for the expressed consideration of $1,000 cash in hand paid to Sterling P. Blythe, and the said deed contains the following clause, to wit: "And the said Whyte Bedford does hereby assume and agree to pay and satisfy the amount of any judgment which may hereafter be rendered against the said Sterling P. Blythe in the case No. 2082 (*Hernando Bank* v. *J. M. Blythe et al.*), and agrees to hold the

said Sterling P. Blythe harmless from any judgment rendered in said case in the chancery court of DeSoto county, State of Mississippi.'' The three cases above described were tried together on August 9, 1894, and a separate decree rendered in each one, and a final decree rendered in favor of the Hernando Bank in each case (2077 and 2082). Judgment was rendered against the Barbees in 2077 for $3,098.90, and against Sterling P. and J. M. Blythe in 2082 for $3,483.26, and decreeing enforcement of the vendor's lien on the Barbee land, and the deed of trust on the shares of Sterling P. and J. M. Blythe in the bottom plantation and on section 4, and that whatever may be collected on the Barbee decree be placed as a credit on the Blythe decree, and that cause No. 2102 be dismissed. Case 2102 was dismissed.

From all those decrees appeals were prosecuted to this court by all the parties adverse to the Hernando Bank, and were all reversed, this court holding that relief should have been denied the Hernando Bank in its bills Nos. 2077 and 2082, and the appellants should have had the relief prayed for in the bill No. 2102 and the several cross bills filed in the several suits. The sale of section 4 was set aside, a resale ordered, and the cause remanded. 17 So. Rep., 4.

When these causes got back to the chancery court of DeSoto county Nos. 2077 and 2082 were regarded as dismissed, and the Hernando Bank taxed with the costs, and there ended case No. 2082. Case No. 2102 was retained for further proceedings. The bill of complaint in this case now at bar does not claim that complainant below (appellee here) was harmed by any judgment rendered in case No. 2082 nor in case No. 2077. They were both decided in his favor in the end. The only obligation incurred in this matter by the appellant was that expressed in the deed from appellee to him, and it is immaterial about when the words '' against the said Sterling P. Blythe '' were inserted in it. There was no judgment rendered in No. 2082 against anybody, except the bank for costs.

The claim urged in the bill seems to be, not for any harm that came to complainant therein by another and different suit, but that the amount once offered the bank of $1,200, in addition to the $1,000 paid complainant, should now be held to be a part of the purchase money and decreed to complainant below.

The contention that, because appellant once offered the Hernando Bank $1,200 for a settlement, rather than take the risk of a lawsuit, and that offer being declined by the bank and a judgment of $3,500 liable to be rendered, and was rendered, against the land and against appellee, which, by his said obligation, appellant was liable to pay to save appellee harmless, and after he had employed lawyers and given a $7,000 bond, which appellee could not have given, and prosecuted an appeal at an expense of $200 and more to get rid of said decree, that he must still pay the said amount of $1,200, deducting the $200 as part of the purchase money, is so utterly unlikely for a reasonable man to make that it may be disposed of as untenable, and the decree awarding complainant below that particular sum, $1,200, with interest, indicates that that was the relief granted.

*The final decree in the court below is vacated and set aside, and decree here in accordance with this opinion.*